FILED

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
   *burrow@caldwell-leslie.com*
JEFFREY M. HAMMER, State Bar No. 264232
   *hammer@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Plaintiff WPIIDC, Inc.

2010 JUN 11  PM 2:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

**CV10-4326 PA (JCx)**

| | |
|---|---|
| WPIIDC, Inc., a California corporation, dba WP2DC, Inc., <br><br> Plaintiff, <br><br> v. <br><br> LAURA HILLIER, an individual, <br><br> Defendant. | **COMPLAINT FOR:** <br><br> **1. COPYRIGHT INFRINGEMENT;** <br> **2. BREACH OF CONTRACT;** <br> **3. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** <br> **4. BREACH OF FIDUCIARY DUTY;** <br> **5. MISAPPROPRIATION OF TRADE SECRET** <br><br> **DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1.      Plaintiff WPIIDC, Inc., dba WP2DC, Inc. ("WP2DC") hired Defendant Laura Hillier ("Hillier") on December 5, 2005, and in early 2006 assigned her to a work group that provides database management services to WP2DC's clients. Hillier was assigned to the account of Fresh & Easy Neighborhood Market Inc. ("Fresh & Easy"). The services that WP2DC, and in particular, Hillier, provided to Fresh & Easy centered around the use of a confidential and proprietary software application that WP2DC developed specifically to suit Fresh & Easy's needs.

2.      As consideration for her employment at WP2DC, Hillier entered into a valid Confidentiality and Non-Solicitation Agreement with WP2DC whereby she agreed to maintain the confidentiality of WP2DC's trade secrets—such as the customized application that WP2DC developed for use on the Fresh & Easy account—and, upon her resignation from WP2DC, not to take any trade secrets with her or use such information to solicit WP2DC's clients.

3.      Hillier resigned from WP2DC on April 2, 2010. In the weeks leading up to her departure, Hillier secretly provided Fresh & Easy access to WP2DC's proprietary and confidential software application and, just after her departure, made electronic and hard copies of the application in order to provide consulting services to Fresh & Easy in place of WP2DC.

4.      Hillier's misappropriation of WP2DC's proprietary software application has infringed WP2DC's copyright in the application and breached Hillier's fiduciary duty to WP2DC and her obligations under the Confidentiality and Non-Solicitation Agreement. Hillier's conduct has damaged WP2DC's business and threatens to cause irreparable harm to WP2DC if Hillier is not enjoined from using and disseminating WP2DC's application.

## PARTIES

5.      WP2DC is a California corporation with its principal place of business in West Covina, California.

CALDWELL
LESLIE &
PROCTOR

-1-

6.     WP2DC is informed and believes that Laura Hillier is an individual residing in Covina, California.

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction over WP2DC's claim for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* under 28 U.S.C. § 1338(a).

8.     This Court has supplemental jurisdiction over WP2DC's remaining claims pursuant to 28 U.S.C. § 1367 in that they are so related to WP2DC's claim for copyright infringement that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Hillier resides in this District.

## FACTUAL BACKGROUND

### Fresh & Easy Hires WP2DC

10.     WP2DC is a consulting company that works primarily with national and international retailers in support of their real estate development programs.

11.     WP2DC provides a variety of services to its clients, including customizing QuickBase ("QuickBase"), an online database software application created and owned by Intuit, Inc. ("Intuit"), to suit each client's specific needs. The QuickBase application is hosted online by Intuit.

12.     WP2DC is a licensed user of Intuit's QuickBase software. Under WP2DC's licensing agreement with Intuit, WP2DC retains all proprietary interests in any enhancements to the QuickBase software that it creates or develops.

13.     On or about August 9, 2006, Fresh & Easy, a supermarket chain with more than 100 locations in California, Nevada, and Arizona, entered into a consulting agreement with WP2DC. Fresh & Easy retained WP2DC to customize QuickBase to address the company's specific program and database management needs and set up an online account to make the customized QuickBase application available for Fresh & Easy's use. WP2DC further agreed to provide monthly

CALDWELL
LESLIE &
PROCTOR

-2-

maintenance, customization, and management services to Fresh & Easy upon launching the customized QuickBase application.

14.     Soon after it was retained, WP2DC analyzed Fresh & Easy's specific program and data management needs and identified data sources to be used in the QuickBase application, such as information regarding Fresh & Easy's contacts, specific Fresh & Easy development projects, project schedules, and third party duties and responsibilities.

15.     After about six weeks of research and development, WP2DC finalized the F&E Application, a customized QuickBase application to address Fresh & Easy's unique business needs.  On September 6, 2006, the F&E Application was made available for Fresh & Easy's online use.

16.     WP2DC has registered the F&E Application for copyright.  The registration number for the F&E Application is TX 7153019.

17.     After the F&E Application became available for use through WP2DC's QuickBase account, WP2DC continued to provide monthly maintenance, customization, and management services to Fresh & Easy.  All changes to the F&E Application, whether pursuant to a request by Fresh & Easy or at WP2DC's suggestion, have been made by WP2DC or its agents.

18.     WP2DC created the online account with Intuit and is the sole owner of the account for the F&E Application.  As the account owner, WP2DC may grant end-user rights or administrative rights to the F&E Application.  End-user rights permit an individual to log into the F&E Application and view or edit the data contained in the application, but do not allow the individual to view, modify, or otherwise access the unique commands and protocols that comprise the architecture underlying the customized F&E Application.  Administrative rights permit an individual to log in and utilize the F&E Application, as well as to view, modify, or copy the unique commands and protocols.  Administrative rights also permit an individual to grant administrative rights to other individuals.  WP2DC has the ability

CALDWELL
LESLIE &
PROCTOR

-3-

to grant end-user or administrative rights to certain components of the F&E Application or the application in its entirety.

19.   WP2DC granted end-user rights to Fresh & Easy employees and consultants designated by Lisa Waters ("Waters"), Fresh & Easy's Development Program and Systems Manager and WP2DC's primary contact at the company. Waters was also granted end-user rights to the F&E Application. In order to safeguard the confidentiality of the F&E Application, WP2DC did not grant administrative rights to any Fresh & Easy employees.

### WP2DC Hires Hillier

20.   WP2DC hired Hillier to work in its office in West Covina, California on December 5, 2005, and WP2DC assigned Hillier to its QuickBase Management Services work group in early 2006. When Fresh & Easy was retained as a client in August 2006, WP2DC assigned Hillier to work on the account.

21.   On August 10, 2006, as consideration for Hillier's continued employment at WP2DC and payment of her salary, Hillier signed a Confidentiality and Non-Solicitation Agreement ("Agreement"). William Parrish ("Parrish"), WP2DC's President, signed the agreement on September 13, 2006. A copy of the Agreement is attached hereto as Exhibit A. Among other things:

   (a)   Hillier agreed in Paragraph 1 of the Agreement: "I will not at any time disclose to any unauthorized person, firm, association, or corporation any trade secrets and/or confidential information by me in confidence through my employment with" WP2DC.

   (b)   Hillier further agreed in Paragraph 2 of the Agreement: "I will not take with me upon termination of my employment with [WP2DC] any documents containing any trade secrets and/or confidential information...."

   (c)   Hillier further agreed in Paragraph 3 of the Agreement: "I will not solicit or induce any customer of [WP2DC] to terminate its business

CALDWELL
LESLIE &
PROCTOR

-4-

relationship with [WP2DC] through the use of any confidential information and/or trade secrets...."

(d)   Hillier further agreed in Paragraph 8 of the Agreement: "I will not keep any documents containing trade secrets and/or confidential information...in my possession except on [WP2DC's] business premises or en route to and from business meetings."

22.   Hillier also signed an agreement on January 19, 2010, stating that she would comply with the various policies contained in WP2DC's Employee Policy Manual, including the policy that prohibits employees from "disclos[ing] any WP2DC or Client proprietary information to non-employees."

23.   Hillier was assigned to work on the Fresh & Easy account under Aurora Flores ("Flores"), a principal of WP2DC and Director of the QuickBase Management Services work group. Hillier was primarily responsible for day-to-day interactions with Waters and other Fresh & Easy employees in providing continuing QuickBase management services.

24.   In order for Hillier to carry out her responsibilities, Flores granted her administrative rights to the F&E Application. This enabled Hillier to view and modify the commands and protocols underlying the F&E Application. As an administrator, Hillier was also able to grant administrative rights to other individuals, although she was instructed by Flores not to grant such access to anyone without express approval from Flores and under no circumstances to grant administrative access to non-WP2DC employees or agents.

**Hillier Misappropriates the F&E Application**

25.   WP2DC is informed and believes that, in or around January 2010, after working in WP2DC's QuickBase Management Services work group for about 3 ½ years, Hillier began to lay plans to leave WP2DC and independently provide QuickBase consulting services to WP2DC's clients—including Fresh & Easy.

CALDWELL
LESLIE &
PROCTOR

-5-

26. Hillier began taking steps to determine whether certain WP2DC clients would employ her as an independent contractor in place of WP2DC to provide QuickBase consulting services. For example, in or around March 2010, while she was still employed by WP2DC, Hillier contacted a current WP2DC client—other than Fresh & Easy—to inquire whether the company had a policy against hiring a former employee of one of its contractors who establishes her own consulting business.

27. Hillier was aware that, if she were to leave WP2DC in order to independently provide QuickBase services to Fresh & Easy, she would no longer have access to the F&E Application because her log-in information would be deactivated. Hillier was also aware that, if she could copy the unique programming commands and protocols underlying the F&E Application, she could re-create the F&E Application under a new QuickBase account with Intuit.

28. On or about March 3, 2010, Hillier created a backup copy application of the F&E Application within the QuickBase account that housed the F&E Application.

29. In or around March 2010, but in any event before her departure from WP2DC, Hillier granted Waters administrative rights to the backup copy containing the F&E Application without WP2DC's knowledge or permission. Once Waters had administrative rights, any individual using Waters' account would be capable of viewing and copying WP2DC's unique F&E Application.

30. On March 26, 2010, Hillier submitted her letter of resignation to Flores. Hillier's resignation became effective on April 2, 2010. Hillier at no time disclosed that she planned to seek employment as a consultant to any of WP2DC's existing clients.

31. WP2DC is informed and believes that, soon after her departure from WP2DC, Hillier logged in to the F&E Application from her home computer using Waters' log-in information. Using Waters' administrative rights—which Hillier

CALDWELL
LESLIE &
PROCTOR

-6-

granted to Waters prior to Hillier's departure from WP2DC—Hillier made an electronic copy of the F&E Application in order to re-create the application using a separate QuickBase account. Because of the detailed nature of the F&E Application, it took Hillier at least 20 hours, if not longer, to electronically copy the application. Hillier also printed portions of the computer code that comprises the F&E Application.

32.    On April 13, 2010, less than two weeks after her resignation from WP2DC was effective, Waters informed Parrish and Flores that she had retained Hillier to provide ongoing QuickBase consulting services and requested that WP2DC provide Hillier with administrative rights to the F&E Application. Because the F&E Application is WP2DC's proprietary information, WP2DC declined to provide administrative rights to the application without first taking steps to protect WP2DC's intellectual property.

33.    On April 26, 2010, WP2DC learned that Hillier had created a backup copy of the F&E Application, granted Waters administrative access to the backup F&E Application, and used Waters' account to make electronic and hard copies of the F&E Application. WP2DC immediately revoked Waters' administrative rights to the application.

34.    Since April 13, 2010—the date on which WP2DC refused to grant Hillier administrative rights to the F&E Application—WP2DC has been providing free QuickBase maintenance, customization, and management services to Fresh & Easy to avoid any disruption to Fresh & Easy's business.

### FIRST CLAIM FOR RELIEF

### (COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 et seq.)

35.    WP2DC realleges each and every allegation set forth in Paragraphs 1 through 34 and incorporates them herein by reference.

36.    At all relevant times, WP2DC has owned the copyright to the F&E Application.

CALDWELL
LESLIE &
PROCTOR

-7-

37.    WP2DC has complied in all respects with Title 17 of the United States Code, in obtaining a certificate of registration from the Register of Copyrights to secure the exclusive rights and privileges in and to its copyright.

38.    Hillier has infringed WP2DC's copyright by copying the F&E Application to further her own consulting business.

39.    As a result of Hillier's wrongful conduct, WP2DC is entitled to injunctive relief and damages in an amount to be proven at trial, but in no case less that $350,000.00.

## SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

40.    WP2DC realleges each and every allegation set forth in Paragraphs 1 through 39 and incorporates them herein by reference.

41.    On August 10, 2006, as consideration for Hillier's employment at WP2DC and payment of her salary, Hillier entered into a valid Confidentiality and Non-Solicitation Agreement ("Agreement") with WP2DC whereby Hillier agreed, among other things, (a) not to disclose WP2DC's trade secrets or confidential information to any third parties; (b) not to take any of WP2DC's trade secret or confidential information with her upon the termination of her employment with WP2DC; (c) not to solicit any of WP2DC's customers to terminate its business relationship with WP2DC through the use of WP2DC's trade secret or confidential information; and (d) not to possess any materials containing WP2DC's trade secrets or confidential information except on WP2DC's business premises or en route to and from business meetings.

42.    WP2DC has performed in accordance with the terms and conditions of the Agreement, except for those conditions, covenants, obligations or promises that were waived, excused, or prevented by Hillier.

43.    Hillier has materially breached the Agreement.

CALDWELL
LESLIE &
PROCTOR

-8-

44. WP2DC has suffered actual and consequential damages as a direct and proximate result of Hillier's breaches in an amount to be proven at trial, but in any event not less than $350,000.00.

### THIRD CLAIM FOR RELIEF

### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

45. WP2DC realleges each and every allegation set forth in Paragraphs 1 through 44 and incorporates them herein by reference.

46. The Agreement contains an implied covenant of good faith and fair dealing on the part of Hillier (the "Implied Covenant"). The Implied Covenant requires, among other things, that Hillier treat WP2DC fairly and in good faith and does nothing to deprive WP2DC of the benefits of the Agreement and/or to frustrate the agreed-upon purpose of the Agreement.

47. Hillier breached the Implied Covenant by, among other things, disclosing WP2DC's trade secrets and confidential information to Fresh & Easy, copying WP2DC's trade secrets and confidential information, and further using WP2DC's trade secret to solicit WP2DC's client.

48. WP2DC has suffered actual and consequential damages as a direct and proximate result of Hillier's breaches of the Implied Covenant in an amount to be proven at trial, but in any event not less than $350,000.00.

### FOURTH CLAIM FOR RELIEF

### (BREACH OF FIDUCIARY DUTY)

49. WP2DC realleges each and every allegation set forth in Paragraphs 1 through 48 and incorporates them herein by reference.

50. While employed with WP2DC, Hillier was WP2DC's agent.

51. As WP2DC's agent, Hillier breached her fiduciary duty to WP2DC by disclosing WP2DC's trade secrets and confidential information to Fresh & Easy,

CALDWELL
LESLIE &
PROCTOR

copying WP2DC's trade secrets and confidential information, and further using WP2DC's trade secrets to solicit WP2DC's clients.

52.     WP2DC has suffered actual and consequential damages as a direct and proximate result of Hillier's breach of fiduciary duty in an amount to be proven at trial, but in any event not less than $350,000.00.

## FIFTH CLAIM FOR RELIEF

### (MISAPPROPRIATION OF TRADE SECRET - Cal. Civil Code § 3426 et seq.)

53.     WP2DC realleges each and every allegation set forth in Paragraphs 1 through 52 and incorporates them herein by reference.

54.     Since on or about September 6, 2006, WP2DC has been in possession of the F&E Application, a trade secret.

55.     The F&E Application has independent economic value in that it addresses the unique database management needs of one of WP2DC's clients, Fresh & Easy.  Fresh & Easy paid WP2DC to develop and continually maintain the F&E Application to support Fresh & Easy's business.

56.     WP2DC made reasonable efforts to ensure that the unique programming code and protocol that comprises the F&E Application remained a secret by granting administrative rights only to WP2DC employees who maintained the F&E Application.  Moreover, those individuals with administrative rights were required to register with Intuit and use a unique password of at least eight characters to log in to the F&E Application.

57.     To further ensure that the F&E Application remained a secret, Intuit employs industry-standard, 128-bit Secure Socket Layers protocol to protect information from being intercepted or corrupted during transmission over the Internet. In addition, QuickBase uses encryption technology to protect data when stored on disk.

CALDWELL
LESLIE &
PROCTOR

-10-

58.   To further ensure that the unique programming code and protocol that comprises the F&E Application remained a secret, WP2DC required each employee to agree as a condition of employment that she (a) would not disclose any of WP2DC's trade secrets to unauthorized persons; (b) would not take any trade secrets with her upon termination of her employment with WP2DC; (c) would not induce any customer of WP2DC to terminate its business with WP2DC through the use of any trade secrets; and (d) would not keep any trade secrets in her possession except on WP2DC's business premises or en route to and from meetings.

59.   Hillier was a WP2DC employee from early December 5, 2005 until her resignation on April 2, 2010.  Hillier worked on the Fresh & Easy account and was granted administrative rights to the F&E Application in order to carry out her duties as a WP2DC employee.

60.   Hillier misappropriated the F&E Application by secretly granting Waters administrative rights to the F&E Application, thereby granting Waters unfettered access to the underlying code and protocol that comprises the F&E Application.

61.   Hillier further misappropriated the F&E Application by using Waters' account to obtain electronic and hard copies of the F&E Application.

62.   Hillier's act were willful and malicious in that Hillier misappropriated the F&E Application with the deliberate intent to injure WP2DC's business and improve her own consulting business.  WP2DC is therefore entitled to punitive damages.  WP2DC is also entitled to reasonable attorney's fees.

63.   Hillier's misappropriation and attempted use of the F&E Application to solicit Fresh & Easy's business, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to WP2DC's business in that (1) WP2DC will lose Fresh & Easy, one of WP2DC's most valued clients, and (2) WP2DC's confidential trade secret will no longer be secret.

CALDWELL
LESLIE &
PROCTOR

-11-

WHEREFORE, WP2DC prays for a judgment as follows:

1.     For actual and consequential damages in an amount to be proven at trial;

2.     For pre-judgment interest at the legal rate;

3.     For all legal fees and costs of suit to which it is entitled by law;

4.     For the First Claim for Relief, that Hillier and her agents, servants, employees, representatives, successors, and assigns and all persons, firms, or corporations in active concert or participation with Hillier, be immediately enjoined from:

(a)     Directly or indirectly infringing on WP2DC's copyright in the F&E Application in any manner.

(b)     Effecting assignments or transfers, forming new entities or associations or utilizing any other means or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraph (a).

5.     For the Fifth Claim for Relief, for Misappropriation of Trade Secret in violation of California law, that Hillier and her agents, servants, employees, representatives, successors, and assigns and all persons, firms, or corporations in active concert or participation with Hillier, be immediately and permanently enjoined from directly or indirectly in any manner claiming the rights and benefits of the F&E Application.

CALDWELL
LESLIE &
PROCTOR

6.    For such other and further relief as the Court deems appropriate and just.

DATED: June 11, 2010

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW
JEFFREY M. HAMMER

By   *Linda Burrow / JMH*
     LINDA M. BURROW
Attorneys for Plaintiff WPIIDC, Inc.

CALDWELL
LESLIE &
PROCTOR

-13-

## DEMAND FOR JURY TRIAL

WP2DC hereby demands a jury trial in this action.

DATED: June 11, 2010                    Respectfully submitted,

                                        CALDWELL LESLIE & PROCTOR, PC
                                        LINDA M. BURROW
                                        JEFFREY M. HAMMER


                                        By  *Linda Burrow /JMH*
                                        _____
                                            LINDA M. BURROW
                                        Attorneys for Plaintiff WPIIDC, Inc.

# EXHIBIT "A"



## <u>CONFIDENTIALITY AND NON-SOLICITATION AGREEMENT</u>

In consideration of my continued employment as an at-will employee of WPIIDC, Inc. (hereinafter referred to as WPIIDC), and of the payment of my salary during such employment, I understand and agree to the following:

1.  I will not at any time disclose to any unauthorized person, firm, association, or corporation any trade secrets and/or confidential information acquired by me in confidence through my employment with WPIIDC, including but not limited to, information concerning the business of WPIIDC such as, its client lists, client documents, sales figures, account listings, cost information, concept information, blueprints, building plans, methods of operation, plans, diagrams or designs, models, processes, employee lists, home telephone numbers of WPIIDC personnel, information on the salaries and/or benefits of WPIIDC personnel, business and marketing plans, promotional information, credit policies, billing rates, production and construction information, vendor information, information regarding the business finances of clients or of WPIIDC, the profitability of WPIIDC, WPIIDC's relations with its employees, or WPIIDC's manner of operations.

2.  I will not take with me upon termination of my employment with WPIIDC any documents containing any trade secrets and/or confidential information including but not limited to any of the information contained in Paragraph 1 of this Agreement.

3.  I will not solicit from any employee of WPIIDC, any trade secrets and/or confidential information or knowledge relating to the business of WPIIDC, including but not limited to any of the information listed in Paragraph 1 of this Agreement. I will not solicit or induce any employee of WPIIDC to terminate his or her employment with WPIIDC through the use of any confidential information and/or trade secrets including but not limited to any information listed in Paragraph 1 of this Agreement. I will not solicit or induce any customer of WPIIDC to terminate its business relationship with WPIIDC through the use of any confidential information and/or trade secrets including but not limited to any information listed in Paragraph 1 of this Agreement.

4.  During my employment with WPIIDC, I will devote my full energies, interest, abilities, and productive time to the performance of my duties with WPIIDC and shall not, without WPIIDC's prior written consent, render to others, services of any kind for compensation, or engage in any other business activity that would materially interfere with the performance of my duties with WPIIDC, including but not limited to, working as an employee, independent contractor, or agent of another company, or using WPIIDC property and/or information to assist a direct competitor of WPIIDC.

*WPIIDC, Inc. Confidentiality and Non-Solicitation Agreement*
*Rev. August 2006*



5. During my employment with WPIIDC, I will not directly or indirectly, whether as a sole proprietor, partner, employee, creditor, shareholder, or otherwise, promote, participate, or engage in any activity or other business competitive with WPIIDC.

6. During my employment with WPIIDC, I will not utilize WPIIDC property or information to assist a direct competitor of WPIIDC, including but not limited to any trade secrets and/or confidential information and/or any information listed in Paragraph 1 of this Agreement.

7. During my employment with WPIIDC, I will not utilize any confidential, proprietary and/or trade secret information belonging to any of my former employers. I agree to advise WPIIDC of any confidentiality obligations I have with my prior employers, and to fully abide by those obligations. If I have questions about what information I can use from my prior employer, I understand that I should request specific guidance from WPIIDC's President before using any such information.

8. I will not keep any documents containing trade secrets and/or confidential information including but not limited to any information listed in Paragraph 1 of this Agreement in my possession except on WPIIDC's business premises or en-route to and from business meetings.

9. Upon termination of my employment with WPIIDC, all originals and copies of any documents containing confidential and/or trade secret information and/or any information described in Paragraph 1 of this Agreement will be immediately returned to WPIIDC.

10. At any time WPIIDC requests me to return any documents containing confidential and/or trade secret information and/or any information listed in Paragraph 1 of this Agreement, I shall return immediately to WPIIDC all originals and copies of such information.

11. The prevailing party shall be entitled to attorneys' fees and costs in relation to any action taken by WPIIDC to enforce the terms of this Agreement.

12. I will promptly make full disclosure of and hold in trust for the sole right and benefit of WPIIDC any patents, promotional concepts, copyrights, trademarks, discoveries, developments, or improvements which I solely or jointly conceive, develop, or reduce to practice during my employment with WPIIDC. I hereby assign to WPIIDC all of my rights, title, and interest in and to all such patents, inventions, discoveries, developments, ideas, concepts, copyrights, trademarks, or improvements, and agree that I will at the request of WPIIDC sign and deliver all application papers, assignments, or other instruments and do any other lawful act which WPIIDC may deem necessary or appropriate to properly vest right, title, and interest in such items to WPIIDC. However, this paragraph shall not apply to any invention that qualifies fully under the provisions of Section 2870 of the California Labor Code.

13. I acknowledge that this agreement is not to be construed as a contract of employment between myself and WPIIDC and WPIIDC may terminate my employment at any time and for any reason.

14. This Agreement constitutes the entire agreement between the parties and supersedes any prior confidentiality agreements, oral employment agreements, or implied employment agreements. This Agreement may not be modified or amended excepted by a writing signed by myself and an authorized officer of WPIIDC. If any provision of this Agreement is deemed to be legally unenforceable, the remaining provisions shall nevertheless be binding and enforceable. This Agreement shall be construed in accordance with the laws of the State of California.

*WPIIDC, Inc. Confidentiality and Non-Solicitation Agreement*
*Rev. August 2006*



15. This Agreement shall not be construed to create any obligation on the part of WPIIDC to continue or extend my employment, which is on an "at-will" basis.

16. I understand that violation of this Agreement may subject me to legal action for unfair competition for injunctive relief, damages, and attorneys' fees. Any breach of the above Agreement by me, by using confidential information and/or trade secrets of WPIIDC which includes but is not limited to the information described in Paragraph 1 of this Agreement, to solicit customers and/or employees of WPIIDC, shall entitle WPIIDC to all appropriate legal and equitable remedies.

_____          8/10/06.
Employee's Signature                      Date

_Laura Hillier-Lynch_
Employee's Printed Name

_____          9/13/06
WPIIDC, Inc. Representative's Signature    Date

_William Parrish_
WPIIDC, Inc. Representative's Printed Name

WPIIDC, Inc. Confidentiality and Non-Solicitation Agreement
Rev. August 2006



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV10- 4326 PA (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Linda M. Burrow, SBN 194668
Jeffrey M. Hammer, SBN 264232
CALDWELL LESLIE & PROCTOR, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017
T: (213) 629-9040
F: (213) 629-9022
burrow@caldwell-leslie.com
hammer@caldwell-leslie.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPIIDC, Inc., a California corporation, dba WP2DC, Inc.,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Laura Hillier, an individual,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-4326 PA (JCx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>Laura Hillier</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Linda M. Burrow</u>, whose address is <u>1000 Wilshire Blvd., Suite 600, Los Angeles, CA 90017</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____ **JUN 1 1 2010**

By: ____ **NATALIE LONGORIA**
Deputy Clerk

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

CV-01A (12/07)                                      **SUMMONS**

CCD-1A

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS**   (Check box if you are representing yourself ☐ )

WPIIDC, Inc., a California corporation, dba WP2DC, Inc.

**DEFENDANTS**

Laura Hillier

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Linda M. Burrow
Jeffrey M. Hammer
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017
(213) 629-9040

**Attorneys** (If Known)

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:**  ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☒ **MONEY DEMANDED IN COMPLAINT: $** 350,000.00

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. Section 501 et seq.   Copyright infringement.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10-4326

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2
CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)     [ ]    A. Arise from the same or closely related transactions, happenings, or events; or

[ ]    B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]    C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]    D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Linda Burrow /JmH_____   Date _June 11, 2010_

Linda M. Burrow, SBN 194668

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |